UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KORIE MAUND,

                      Plaintiff,

v.

COUNTY OF ERIE,

                      Defendant.

Case # 17-CV-778-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Korie Maund (the "Mother") brings this tort and civil rights action against the County of Erie in response to the County's filing of five child neglect petitions against her. She originated this action in state court and the County removed it to this Court on August 10, 2017. ECF No. 1.

On February 23, 2018, the Mother filed the operative Amended Complaint. In it, she alleges that the County "falsely" filed five neglect petitions against her which wrongfully accused her of abusing and/or neglecting her two children. She alleges that the petitions ignored the County's own failure to supervise and protect her children while they were in the County's custody and were calculated to embarrass, harass, inconvenience, and distress her. She asserts claims for (1) negligence, (2) negligent infliction of emotional distress ("NIED"), (3) intentional infliction of emotional distress ("IIED"), (4) negligent hiring, training, and supervision, and (5) civil rights violations via 42 U.S.C. § 1983. ECF No. 18.

The County filed a Motion to Dismiss ("MTD") on April 12, 2018. ECF No. 23. For the reasons set forth below, the County's MTD is GRANTED and the Mother's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

1

**LEGAL STANDARD**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 679.

**DISCUSSION**

**I.     Negligence**

The Mother's first claim alleges that the County had a duty "not to wrongfully and repeatedly accuse [the Mother] of abuse towards her children" and that it breached that duty by "falsely filing and prosecuting" and failing to properly investigate the neglect petitions against her. ECF No. 18 ¶¶ 71-72. The Mother fails to state a claim for negligence.

As the County argues in its MTD, the Mother's first claim essentially alleges a cause of action for negligent prosecution, which New York law does not recognize. *See Coleman v. Corp. Loss Prevention Assocs.*, 724 N.Y.S.2d 321, 322 (2d Dep't 2001) (quoted by *Rolph v. Hobart & William Smith Colls.*, 271 F. Supp. 3d 386, 409 (W.D.N.Y. 2017)) ("There is no cause of action in the State of New York sounding in negligent prosecution or investigation.").

In her Opposition to the MTD, the Mother does not defend the cognizability of a negligent prosecution cause of action. Rather, she denies that she is asserting such a claim and recasts her claim to assert that the County breached a "statutory duty to make diligent efforts to encourage and strengthen the parental relationship" and to "properly supervise [the Mother's daughter] once she was taken into [the County's] custody." ECF No. 25 at 4, 6.

However, this is not what her Amended Complaint alleges. It alleges that the County had a duty not to wrongfully accuse the Mother of child abuse and that it breached its duty by filing the neglect petitions.[1] ECF No. 18 ¶¶ 71-72. The essence of this claim is, as the County argues, negligent prosecution. Because New York courts do not recognize such a cause of action, the Mother's negligence claim is DISMISSED. *See D'Alessandro v. City of New York*, 713 F. App'x 1, 11 n.12 (2d Cir. 2017) (plaintiff cannot use opposition to a motion to dismiss to amend the complaint); *Uddoh v. United Healthcare,* 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) ("A plaintiff . . . is not permitted to interpose new factual allegations or a new legal theory in opposing a motion to dismiss . . . .").

## II.  NIED

The Mother's second claim asserts that the County's breach of its duty not to wrongfully and repeatedly accuse her of child abuse constituted "a vicious witch-hunt aimed at harassing and

---

[1] While the Mother does allege that the County failed to properly supervise and protect her children, *see* ECF No. 18 ¶¶ 19-20, 23-24, 36, 39-45, 52-58, she makes these allegations to show that the County unfairly accused her of abuse and neglect while ignoring its own inadequacies in providing social services to her children. Other allegations make clear that the focus of this action is on the County's filing of the neglect petitions against the Mother, not the County's failure to protect her children or strengthen the parent-child relationship. *See, e.g.*, ECF No. 18 ¶ 14 ("The manner in which this action arose involves the false filing, prosecution, and/or investigation of five (5) Neglect Petitions . . . ."); *id*. at ¶¶ 59-60, 68 (alleging that the County's neglect petitions were unsubstantiated and were "filed to embarrass, harass, and significantly inconvenience" the Mother); *id*. at ¶¶ 71, 72, 78 (describing the County's duty as one not to wrongfully accuse the Mother of abuse); *id*. at ¶ 81 (alleging that the County prolonged the neglect proceedings against the Mother "in a vicious witch-hunt aimed at harassing and distressing" her); *id*. at ¶¶ 95, 98 (alleging that the County allowed its caseworkers to "harass [the Mother] through the false filing and prosecution and/or investigation" of the neglect petitions).

distressing" the Mother and indeed caused her to experience anxiety and distress. ECF No. 19 ¶¶ 78-81. The Mother fails to state an NIED claim.

Under New York law, a plaintiff can state an NIED claim under three theories: the bystander theory, the guarantee of genuineness theory, and the direct duty theory. *See Carney v. Bos. Mkt.*, No 18 Civ. 713 (LGS), 2018 U.S. Dist. LEXIS 214453, at *6-8 (S.D.N.Y. Dec. 20, 2018) (citing *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000)).

The bystander theory requires a plaintiff to witness the death or serious injury of an immediate family member and thus does not apply here. *Id.* at *6-7.

The guarantee of genuineness theory requires "'an especial likelihood of genuine and serious mental distress, arising from . . . special circumstances, which serves as a guarantee that the claim is not spurious.'" *Id.* at *8 (quoting *Baker*, 239 F. 3d at 421). "In general, the latter element requires 'a specific, recognized type of negligence that obviously has the propensity to cause extreme emotional distress, such as the mishandling of a corpse or the transmission of false information that a parent or child had died.'" *Mortimer v. City of New York*, No. 15 Civ. 7186 (KPF), 2018 U.S. Dist. LEXIS 53492, at *79 (S.D.N.Y. Mar. 29, 2018) (quoting *J.H. v. Bratton*, 248 F. Supp. 3d 401, 416 (E.D.N.Y. 2017)); *Thomas v. City of New York*, No. 17-cv-06079 (ARR) (JO), 2018 U.S. Dist. LEXIS 189305, at *35 (E.D.N.Y. Nov. 5, 2018) (also recognizing negligent exposure to HIV as a type of negligence sufficient to state an NIED claim). The Mother does not allege any such special circumstances, so this theory does not apply here.

The direct duty theory requires a plaintiff to "suffer[] emotional distress caused by 'defendant's breach of a duty which unreasonably endanger[s] [plaintiff's] own physical safety.'" *Carney*, 2018 U.S. Dist. LEXIS 214453, at *7 (quoting *Baker*, 239 F.3d at 421). "[T]he unreasonable endangerment element . . . involves an objective inquiry turning on whether a

plaintiff's physical safety actually was endangered, not a subjective evaluation dependent on the plaintiff's state of mind." *Id.*

Here, the Mother appears to base her NIED claim on the direct duty theory, but she fails to plausibly allege that the County unreasonably endangered her physical safety. She merely alleges that the County's wrongful accusations of child abuse caused her "to experience great anxiety and distress that both endangered [her] physical safety and caused [her] to fear for her livelihood and experience emotional distress." ECF No. 18 ¶ 79. "[T]his bare assertion is unexplained and unsupported." *Carney*, 2018 U.S. Dist. LEXIS 214453, at *8 (finding that plaintiff failed to state an NIED claim where plaintiff merely alleged that her physical safety was at risk without any explanation or supporting facts).

In her Opposition to the County's MTD, the Mother argues that her "physical well-being was unreasonably endangered through [the County's] persistent removal of her [daughter] from her custody, especially in light of the fact that [the daughter] was missing for an entire twenty-eight (28) days while in [the County's] custody." ECF No. 25 at 9. Not only does this argument move the goalpost—it changes the County's negligent behavior from its filing of the neglect petitions against the Mother to its supervision of the daughter—it also still fails to plausibly show that the County unreasonably endangered the *Mother's* physical safety. If anything, her new theory implies that the County endangered her *daughter's* physical safety by allowing her to go missing, but the Mother makes no allegations explaining how that circumstance endangered her *own* physical safety. Accordingly, the Mother's NIED claim is DISMISSED.

## III.  IIED

In her third claim, the Mother alleges that the County exceeded the bounds of decency by filing the neglect petitions against her and by permitting the daughter to live with her father, a

5

convict and heroin user who at times lived in a homeless shelter and at other times, when living in an apartment, permitted strangers and drugs in the apartment. ECF No. 18 ¶ 41-42, 54, 85. The Mother fails to state an IIED claim.

As the County correctly argues in its MTD, "[p]ublic policy bars claims sounding in intentional infliction of emotional distress against a governmental entity." *Boyle v. Caledonia-Mumford Cent. Sch.,* 140 A.D.3d 1619, 1621 (4th Dep't 2016) (quoting *Matter* of *Gottlieb v. City of New York*, 129 AD3d 724, 727 (2d Dep't 2015)).

To support her IIED claim against the County, the Mother relies on *Scollar v. City of New York*, 160 A.D.3d 140, 145-46 (1st Dep't 2018), but her reliance is misplaced. *Scollar* held that an IIED claim could proceed against an NYPD police sergeant who was named as a defendant along with the City of New York. *Id.* It did not hold that an IIED claim could proceed against the City itself. *See Sullivan v. City of New York,* No. 17 Civ. 3779 (KPF), 2018 U.S. Dist. LEXIS 114366, at *49 (S.D.N.Y. July 10, 2018) (noting *Scollar* but acknowledging that public policy bars IIED claims against governmental entities); *see also Shahzad v. Cty. of Nassau*, No. CV 13-2268 (SJF), 2013 U.S. Dist. LEXIS 163285, at *3 (E.D.N.Y. Nov. 14, 2013) (dismissing IIED claim against defendants acting in their governmental capacity as barred by public policy).

Here, the Mother sued only the County, not any individual County employees like in *Scollar*. Accordingly, the Mother's IIED claim is DISMISSED.

IV. **Negligent Hiring, Training, and Supervision**

The Mother's claim for negligent hiring, training, and supervision alleges that the County knew or should have known that the two social services caseworkers who filed the neglect petitions against the Mother lacked the temperament and psychological makeup to assess the parental and familial situation with the Mother and her children and that the County failed to train and supervise

them in the proper manner of filing and investigating neglect petitions. ECF No. 18 ¶¶91-95. The Mother fails to state a claim for negligent hiring, training, and supervision of the caseworkers.

First, as the County argues, this claim must be dismissed because it is based on the purported predicate tort of negligent prosecution, which, as discussed above, is not recognized. "Lacking a predicate tort, Plaintiff cannot proceed with the derivative claim of negligent hiring and retention." *Zeak v. United States*, No. 11 Civ. 4253 (KPF), 2015 U.S. Dist. LEXIS 6044, at *7-8 (S.D.N.Y. Jan. 20, 2015).

Second,

> [t]o maintain a claim against a municipal employer for the negligent hiring, training, and retention of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of her employment. If the employee acted within the scope of her employment, the employer . . . may be held liable for the employee's negligence only under a theory of respondeat superior.

*Velez v. City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013) (internal citations and quotation marks omitted).

Here, the Mother does not allege that the caseworkers acted outside the scope of their employment in investigating, filing, and prosecuting the neglect petitions against her. And although the Mother argues in her Opposition that a negligent hiring claim may proceed even if the employee acted within the scope of employment "where the injured plaintiff seeks punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee," *Talavera v. Arbit*, 18 A.D.3d 738, 738-39, (4th Dep't 2005), here, the Mother's Amended Complaint does not seek punitive damages or allege gross negligence.

Third, the Mother's threadbare allegation that the County knew or should have known that the two caseworkers lacked the appropriate temperament and psychological makeup is conclusory and insufficient to survive a motion to dismiss. *See Cort v. Marshall's Dep't Store*, No. 14-CV-

7385 (NGG) (RER), 2015 U.S. Dist. LEXIS 172611, at *13 (E.D.N.Y. Dec. 29, 2015) ("A conclusory allegation is not enough to state a claim for negligent hiring, retention, supervision, or training."); *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 264 (E.D.N.Y. 2014) (allegations that employees had the propensity to engage in illegal conduct and that such conduct fell outside the course and scope of their employment failed to set forth any facts plausibly supporting the threadbare allegation), *aff'd* 626 F. App'x 297 (2d Cir. 2015) (summary order); *Cruz v. New York*, 24 F. Supp. 3d 299, 311 (W.D.N.Y. 2014) (allegations that plaintiff knew or should have known that defendant was potentially dangerous was "conclusory and unsupported by any factual allegations supporting his assertion.").

Accordingly, the Mother's claim for negligent hiring, training, and supervision is DISMISSED.

**V.     1983/*Monell***

The Mother raises a § 1983 *Monell* claim by alleging that the County improperly filed the five neglect petitions against her pursuant a policy and custom of "false" investigations, filings, and prosecutions. ECF No. 18 ¶ 98-99.

> Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), a municipality is subject to liability for damages under § 1983 when an official municipal policy or custom contributes to a constitutional deprivation.. . . . Under Second Circuit case law, however, a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor. . . . Once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendant's liability under *Monell* [i]s entirely correct."

*Claudio v. Sawyer*, 675 F. Supp. 2d 403, 408-09 (S.D.N.Y. 2009) (quoting *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006))

Here, the Mother's other claims based on the filing of the neglect petitions have been dismissed. The Mother has not sufficiently plead a constitutional violation by any individual state actors, and where there is no underlying constitutional violation, there is no *Monell* claim. *Id.*

Accordingly, the Mother's § 1983/*Monell* claim is DISMISSED.

## CONCLUSION

For the reasons stated, the County's Motion to Dismiss (ECF No. 23) is GRANTED, and the Mother's Amended Complaint is DISMISSED WITHOUT PREJUDICE in its entirety. If the Mother wishes to seek leave to amend, she shall do so through a procedurally compliant motion filed within 30 days from the date of this order. *See* Local Rule of Civil Procedure 15. Otherwise, this case will be closed without further order.

IT IS SO ORDERED.

Dated: February 26, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

.